IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-00243-01-CR-W-DGK |
| GORDON D. JONES, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 11, 2009, a one count indictment was returned charging the defendant with assaulting or interfering with a federal employee, a mail carrier, while the mail carrier was performing his official duties, i.e. delivering the mail. On February 12, 2010, the Court, on its own motion, ordered the defendant to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241 prior to the Court holding a hearing to determine the defendant's ability to understand the proceedings and to assist in his defense. The defendant was evaluated by Dr. Tammy Sheehan on February 24, 2010.

On March 11, 2010, the Court held a hearing on the issue of the defendant's competency to stand trial. The parties stipulated to the Report of Psychological Examination (hereinafter Report) dated March 3, 2010, prepared by Dr. Sheehan. The examiner concluded that the defendant's reported symptoms, as confirmed by another family member, are consistent with Schizophrenia, Paranoid Type. (Report at 6) However, at the time of the report, the defendant's mental status was stable, and he was reported to be medication compliant. (Id.)

Thus, despite his psychotic illness, the examiner concluded that there is nothing in the current examination that would suggest Mr. Jones is unable to understand his attorney's instructions, education and advice or that he is unable to make meaningful decisions based on that information.

Likewise Dr. Sheehan is of the opinion that defendant's reported mental illness does not impede his present ability to consult with his lawyer with a reasonable degree of rational understanding. (Id.) Therefore, based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Gordon D. Jones is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his own defense and that he is competent to stand trial.

Counsel are reminded they have ten days from the date of the receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

                                                                                  */s/ Sarah W. Hays*
                                                                                 SARAH W. HAYS
                                                    UNITED STATES MAGISTRATE JUDGE